# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN WHEELER BELL,

      Appellant,

        v.

UNITED STATES POSTAL SERVICE,

      Agency.

DOCKET NUMBER
DC-3443-16-0170-I-1

DATE: July 28, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David A. Branch</u>, Esquire, Washington, D.C., for the appellant.

<u>Stephen W. Furgeson</u>, Landover, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On November 26, 2015, the appellant filed a Board appeal which did not specify the action he was appealing but rather comprised over 400 pages of attachments, which appeared to reference actions he had previously appealed to the Board.  Initial Appeal File (IAF), Tab 1.  The administrative judge issued a show cause order directing the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction or barred by res judicata.  IAF, Tab 3 at 2.  The administrative judge noted that the appellant had previously filed appeals of his placement on administrative leave on March 26, 2014, and his reduction in grade pursuant to a reduction in force, effective April 19, 2014.  *Id.* at 1.  She informed the appellant of the criteria under which an appeal is barred by res judicata and ordered the appellant to file evidence and argument to show why his appeal should not be dismissed.  *Id.* at 2.  She further ordered the appellant to identify the agency action he was appealing.  *Id.*

¶3      In response, the appellant appeared to indicate that he was not attempting to appeal the prior actions and referenced a number of alleged additional actions taken by the agency, including a hostile work environment claim related to an

incident on February 27, 2014, an October 6, 2014 letter restricting him from returning to work pending physical and psychiatric evaluations, the cancellation of his life insurance and health benefits on October 31, 2015, and his request for reasonable accommodation in the form of a reassignment away from his supervisor. IAF, Tab 7 at 4-6.

¶4  Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). The administrative judge found that the appellant failed to provide a readily comprehensible list or explanation of the agency action(s) at issue. ID at 4. She further found that the actions that he did identify, such as the agency terminating his health or life insurance benefits or denying a request for reasonable accommodation, are not appealable to the Board. *Id.*

¶5  The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6  The appellant's petition for review does not contain any specific challenges to the initial decision in this appeal, and the Board will normally embark upon a complete review of the record only if the appellant identifies a specific error that the administrative judge made in evaluating the evidence or applying the law. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992); 5 C.F.R. § 1201.115. Here, the appellant has shown no basis upon which to disturb the initial decision.

¶7  In his petition, the appellant contends that the administrative judge erred in finding that he had not been honorably discharged and was not preference eligible because she incorrectly interpreted the Marine Corps separation guidelines. PFR File, Tab 1 at 4. To support his contention, he submits various documents from the Department of Veterans Affairs pertaining to his separation from military service as well as an application for correcting his military record. *Id.* at 5-9.

Such arguments appear to relate to another Board appeal, which the Board dismissed for lack of jurisdiction in a February 24, 2016 nonprecedential final order, and are not properly before the Board in the instant appeal. *See Bell v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0613-I-1, Final Order at 4-5 (Feb. 24, 2016). To the extent that the appellant is challenging this decision, he was apprised of his right to request that the U.S. Court of Appeals for the Federal Circuit review the Board's final decision. *Id.* at 5-6.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.